UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL THRASHER,

    Plaintiff,

    v.

RICK GARLAND *et al.*,

    Defendants.

Case No. C04-5772FDB

ORDER ON PENDING
MOTIONS AND REPORT
AND RECOMMENDATION

**NOTED FOR:
JUNE 24ᵀᴴ, 2005**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion to dismiss for failure to exhaust administrative remedies. (Dkt. # 14). In response plaintiff has filed motions to strike or quash the declarations supporting defendants motions and he has asked for appointment of counsel. (Dkt. # 17, 18, and 19).

    Plaintiff's motion to strike or quash the supporting declarations is **DENIED.** The motion to dismiss and plaintiff's responsive pleadings will be considered. Plaintiff's motion for appointment of counsel is also **DENIED**. There is no right to have counsel appointed in cases brought under 42

REPORT AND RECOMMENDATION -1

U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Moreover, it appears that this case does not involve exceptional circumstances which warrant appointment of counsel.

## FACTS

Plaintiff alleges that during a two months period, from October to December of 2003, while he was an inmate, he worked on Department of Natural Resource, DNR, fire crew number 53, out of the Cedar Creek Correction Center. He claims that on multiple occasions he and other inmates on the crew were forced to clean up hazardous "meth lab" cites without proper training or protective clothing. (Dkt. # 6). He names as defendants in this action his DNR crew supervisor, the Department of Natural Resources and the Department of Corrections.

Defendants move to dismiss for failure to exhaust administrative remedies and place before the court plaintiffs grievance history showing the issue he attempts to litigate was not exhausted at all levels of the grievance process. His first grievance was dismissed because he filed it at the wrong facility and his second attempt was dismissed because he was ten months outside the time frame for filing. (Dkt. # 15, Declaration of Dean Mason). Plaintiff did not appeal either dismissal to higher levels.

## STANDARD

When a motion to dismiss for failure to exhaust administrative remedies is filed, the motion is an unenumerated Fed. R. Civ. P. 12 (b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The court will consider evidence outside the complaint to determine if in fact plaintiff has

REPORT AND RECOMMENDATION -2

exhausted available prison grievance procedures prior to filing his complaint. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).

The Prison Litigation Reform Act provides that:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a).

Thus, the motion does not address the merits of plaintiff's complaint and instead requires the court to determine if plaintiff has exhausted the available administrative remedies. The declaration of Dean Mason shows that plaintiff did not exhaust the grievance process.

Plaintiff argues he cannot file a grievance regarding DNR policies and procedures. (Dkt. # 18, page 6). His exhibit shows he could file a grievance regarding DNR staff conduct. The complaint alleges DNR staff forced him to clean up "meth lab" areas. Plaintiff did not allege that DNR has a policy of exposing inmates to such hazards. (Dkt. # 6). Thus, the staff conduct was the type of action that could result in a grievance.

Defendants note that in the Ninth Circuit there is no barr to filing if the inmate may no longer exhaust his claim. (Dkt # 14, page 3). Defendant cites to <u>Ngo v. Woodward</u>, the correct cite is <u>Ngo v. Woodford</u>, 403 F.3d 620 (9th Cir. 2005). Inmate Ngo exhausted the grievance process by filing an untimely grievance and appealing the dismissal through all levels. Here, plaintiff did not appeal through all levels. Thus, plaintiff has failed to exhaust the grievance process and this action must be **DISMISSED WITHOUT PREJUDICE.**

CONCLUSION

Plaintiff has failed to exhaust his available administrative remedies and this action must be **DISMISSED WITHOUT PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal.

REPORT AND RECOMMENDATION -3

Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 24th, 2005**, as noted in the caption.

DATED this 27th day of May, 2005.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION -4